<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 08-4209

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 16, 2009
LEONARD GREEN, Clerk

| | |
|---|---|
| RICHARD LOPARDO; CATHERINE LOPARDO, | ) ) ) |
| Plaintiffs-Appellants, | ) ) |
| v. | ) ) |
| FRANK GRUTTADAURIA; HAMBRECHT & QUIST, INC.; J.P. MORGAN CHASE & CO., | ) ) ) |
| Defendants-Appellees. | ) ) |
| COWEN & COMPANY; SG COWEN SECURITIES, | ) ) ) |
| Defendants. | ) ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

O R D E R

Before: GUY, MCKEAGUE, and GRIFFIN, Circuit Judges.

Plaintiffs-appellants, Richard and Catherine Lopardo, proceeding pro se, appeal the judgment of the district court in connection with their civil action alleging federal securities violations and related state claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

The Lopardos' complaint stemmed from acts of misconduct by stockbroker Frank Gruttadauria, which took place from 1982 until January 2002, when he confessed to misappropriation of client assets to the Federal Bureau of Investigation, in connection with securities accounts he managed for the Lopardos. In April 2002, the Lopardos filed a civil action against

Gruttadauria, the Lopardos' personal accountant, and the majority of Gruttadauria's former brokerage firm employers, including defendants-appellees, Hambrecht & Quist, Inc. and J.P. Morgan Chase & Co. Pertinent to this appeal, the Lopardos filed an amended complaint in July 2007 naming as defendants Gruttadauria and Hambrecht & Quest, Inc., including its successor in interest, J.P. Morgan Chase & Co. (collectively known as "H&Q"). In the amended complaint, the Lopardos alleged that, because Gruttadauria was employed by H&Q from 1987 to May 1989, H&Q was vicariously liable for Gruttadauria's acts during his employment including violations of federal securities statutes, fraud, and promissory estoppel. Additionally, the Lopardos accused H&Q of breach of fiduciary duty; negligent hiring, retention, and supervision; negligent misrepresentation; and breach of implied contract.

H&Q filed a motion to dismiss all claims, pursuant to Fed. R. Civ. P. 12(b)(6). After consideration, the district court dismissed the federal securities claims against H&Q and the claim of promissory estoppel. In addition, the district court limited the federal securities claims against Gruttadauria to those arising after April 22, 1999. H&Q subsequently filed a motion for summary judgment seeking to dismiss the remaining claims, which the district court granted, finding that the remaining claims against H&Q were time-barred. The Lopardos now appeal the district court's determinations with regard to the motion to dismiss and the motion for summary judgment.

We review de novo the grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Hunter v. Sec'y of United States Army*, 565 F.3d 986, 992 (6th Cir. 2009) (citation omitted). Although a complaint need not contain detailed factual allegations, the allegations must be sufficient to raise a right to relief above the speculative level based on the assumption that all the allegations in the complaint are true. *Id.* (citation omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

We first conclude that the district court did not err by dismissing the federal securities claims against H&Q on the basis that they were time-barred. Securities fraud litigation under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, must be commenced "within one year after the discovery of the facts constituting the violation and within three years after such violation." 15 U.S.C. § 78i(e); *see Lampf, Pleva, Lipkind, Prupis, & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991). The record indicates the Lopardos filed their complaint on April 22, 2002. Because H&Q's vicarious liability for Gruttadauria's misconduct could have only arisen during his employment from 1987 to 1989, the district court did not err in concluding that the Lopardos' federal securities claims were time-barred because they were not brought within three years of the securities violation. Likewise, the district court did not err in limiting the Lopardos' claims against Gruttadauria to those arising within the limitations period.

Nor did the district court err in dismissing a claim of promissory estoppel in which the Lopardos alleged that Gruttadauria and H&Q made representations to the Lopardos about the status of their accounts which prevented them from discovering any wrongdoing. Although the Lopardos alleged that Gruttaduaria and his employers misrepresented that certain trades had been made, the allegations involved misrepresentations about the past or the then current status of the Lopardos' accounts, not a promise relating to future actions or conduct. *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 503 (6th Cir. 2003); *Hortman v. Miamisburg*, 852 N.E.2d 716, 720 (Ohio 2006). Without a promise of future conduct, the Lopardos failed to state a claim for promissory estoppel and the district court did not err in dismissing this claim.

Having determined that the district court did not err in granting H&Q's motion to dismiss under Fed. R. Civ. P. 12(b)(6), we turn to a discussion of whether the district court erred by granting summary judgment in favor of H&Q on the claims that remained pending against them, which included claims of breach of fiduciary duty, negligent misrepresentation, breach of implied contract and bailment, and negligence in the hiring, retention, and supervision of Gruttadauria. We review the district court's grant of summary judgment de novo. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th

Cir. 2004). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Ohio law is clear that if fraud claims arise out of, or are predicated on, the sale of securities, they are governed by the specific statute of limitations set forth in Ohio Rev. Code § 1707.43(B), not the four-year general statute of limitations for fraud claims found in Ohio Rev. Code § 2305.09. *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 561 (6th Cir. 2005) (citations omitted).

Ohio Rev. Code § 1707.43(B) provides that no action may be brought "more than two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful, or more than four years from the date of such sale or contract for sale, which ever is the shorter period." In *Wyser-Pratte Mgmt. Co.*, we dealt with the issue of what constitutes constructive notice under Ohio Rev. Code § 1707.43(B) and held that the two-year limitations period begins to run after the duty to investigate is triggered by "suspicious facts" and a reasonably diligent investigation would have discovered the fraud. 413 F.3d at 562-63.

In this case, the Lopardos had no accounts with H&Q after May 1989. In November 1991, the Lopardos received a letter from their accountant alerting them that two different statements were being generated for their accounts – one originating in New York and one in Cleveland – and that the statements reflected a discrepancy of approximately $500,000. In response, the Lopardos sent a letter to Gruttadauria inquiring about the accuracy of the statements. Gruttadauria spoke to the Lopardos and told them that their accountant simply did not understand how their accounts were being handled and that they should use an accountant he recommended. Gruttadauria explained that he would correct any account errors. Given these facts, H&Q argued that the Lopardos had reason to investigate in November 1991 and that the two-year statute of limitations had expired when their complaint was filed in 2002. The Lopardos argued that because of Gruttadauria's false explanation they could not discover any wrongdoing and the statute of limitations should not have started running until Gruttadauria confessed to federal authorities in January 2002.

No. 08-4209
- 5 -

For the reasons stated by the district court, we conclude that the two-year statute of limitations began to run in November 1991 because it was at that time that the duty to investigate was triggered and a reasonably diligent investigation would have discovered the fraud. As the district court recounted, the Lopardos did not conduct a reasonably diligent investigation into their account discrepancies. There is no evidence that the Lopardos contacted the New York office about the alternate statements, discussed Gruttadauria's explanation with the accountant that alerted them to the problem, spoke to Gruttadauria's employer about the issue, sought another opinion from another accountant, or reviewed the statements for any of their other accounts managed by Gruttadauria. Accordingly, the Lopardos' remaining state claims were time-barred and the district court did not err by granting summary judgment in favor of H&Q.

Having found no error in the district court's dismissal, under Fed. R. Civ. P. 12(b)(6), or the district court's grant of summary judgment, the judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk